IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| VERNON K. HAYDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:08CV813 |
| | ) | |
| M.L. RIVERA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Vernon K. Hayden, a federal prisoner, brought a petition for habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina, where he was housed at that time. That court construed the petition as one for a writ of error coram nobis under 28 U.S.C. § 1651(a) and transferred it to this District. (Docket Nos. 1, 23.) Respondent has filed a response to the petition (Docket No. 33), Petitioner has filed a reply (Docket No. 38), and the matter is now before the Court for a ruling.

Petitioner was convicted at trial on two charges: participating in a drug conspiracy in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One) and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count Two). He was acquitted of a third count. (6:95CR212-1, Docket Nos. 1, 16.) Petitioner was sentenced to 262 months of imprisonment on the conspiracy charge and a consecutive 60 months of

imprisonment on the firearm charge. (*Id.*, Docket No. 43.) The convictions and sentences were later affirmed on appeal. (*Id.*, Docket Nos. 58, 59.) Following the appeal, Petitioner attempted to receive relief through a motion under 28 U.S.C. § 2255, but was unsuccessful. (*Id.*, Docket Nos. 60, 71, 72.) He also asked for permission from the Fourth Circuit Court of Appeals to file second or successive § 2255 motions in 2001 and 2007, but was denied permission both times. (*Id.*, Docket Nos. 83, 84.) Finally, Petitioner filed the present petition. In it, he claims that he is entitled to have his conviction under § 924(c)(1) vacated because, although the facts underlying that conviction constituted a crime at the time of his conviction, they now do not under more recent case law from the United States Supreme Court. Petitioner also seeks relief from his sentence based on the recent crack cocaine amendments to the United States Sentencing Guidelines.

Petitioner and Respondent are largely in agreement in this matter. In its response, Respondent notes that, while a petition under § 2241 is not ordinarily available to a prisoner who has already filed a motion under § 2255, it is a possibility where a petitioner has been denied permission to file a second or successive § 2255 motion and he can demonstrate that: (1) at the time of his conviction, the settled law of the applicable circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted was deemed not to be criminal; and (3) he could not satisfy the gatekeeping

-2-

provisions of § 2255 because the new rule was not one of constitutional law. *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Here, Petitioner's § 924(c)(1) conviction was based on testimony that he had traded $275.00 of cocaine in return for a firearm. This appeared to constitute a crime at the time of Petitioner's conviction and initial motion under § 2255. *See Smith v. United States,* 508 U.S. 223, 237 (1993)(trading a firearm for drugs can violate § 924(c)). Then, in 2007, the United States Supreme Court held in *Watson v. United States*, 552 U.S. 74 (2007), that **receiving** a firearm in exchange for drugs did not violate § 924(c)(1). The defendant in *Smith* had **given** a firearm in return for drugs. Petitioner had also received a firearm in exchange for drugs, making his case like *Watson*, not *Smith*. Unfortunately for Petitioner, the *Watson* decision was one of statutory interpretation, not constitutional law. Therefore, he could not satisfy the gatekeeping provisions of § 2255 and file another motion under that statute.

Although Petitioner could not file another motion under § 2255, the unusual set of conditions in this case does make him eligible to file his § 2241 petition. Respondent concedes that this is so, and also concedes that there is authority allowing the court in South Carolina to construe that petition as one under § 1651 and transfer it to this District. Finally, Respondent acknowledges that, under *Watson*, the facts underlying Petitioner's § 924(c)(1) conviction do not currently constitute a violation of that statute. The proper remedy is for Petitioner to have his conviction under Count Two of the indictment vacated and to be resentenced on the remaining count of conviction. *In re Nwanze*, 242 F.3d 521 (3rd Cir.

2001)(noting that resentencing may be proper because the removal of a § 924(c) count can affect the sentence for related drug convictions); *Short v. Schultz*, Civil Action No. 08-0186 JBS, 2008 WL 305594 (D.N.J. Jan. 28, 2008)(same, addressing *Watson* claim). Other issues may also be present at resentencing, but they can be explored by the parties at that time.

There is one minor detail remaining with Petitioner's petition. Most of it is focused on the impact of *Watson* on his § 924(c)(1) conviction. However, he also asks that he receive the benefit of recent amendments to the crack cocaine guidelines. As Respondent points out, any such claim would need to be raised in a separate motion under 18 U.S.C. § 3582(c)(2). Perhaps in response to this, Petitioner has now filed a motion under § 3582 in his criminal case. (6:95CR212-1, Docket No. 86.) Therefore, his current petition should be denied without prejudice on the crack amendment issue, but that claim can proceed via the § 3582 motion in the criminal case according to this Court's policy for handling such motions.

**IT IS THEREFORE RECOMMENDED** that Petitioner's petition for a writ of error coram nobis (Docket No. 1) be granted in part and denied in part as set out above, that his conviction and sentence on Count Two be vacated, that counsel be appointed, that Petitioner be resentenced on Count One of the indictment, and that Petitioner's claim for relief under amendments to the Sentencing Guidelines be denied without prejudice to that claim being considered through the pending § 3582 motion filed in Petitioner's criminal case.

This the  6th  day of October, 2009.

                    /s/ P. Trevor Sharp
                United States Magistrate Judge